Lawrence TAYLOR, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S00–8601–CR–127.

Supreme Court of Indiana.

Dec. 8, 1987.

Marce Gonzalez, Jr., Appellate Div., Lake Superior Court, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of Murder. Appellant received a sentence of thirty-two (32) years.

The facts are: On February 13, 1985, appellant was living with Francene Bellamy and her six children in Hammond, Indiana. On that day, appellant followed Francene around the house and when she left the house to go shopping. At approximately 8:00 p.m., he ordered Francene and her daughter X–Ann to sit down at the kitchen table. He told them they were all going to play "a little game." He questioned X–Ann as to what she thought about him and accused Francene and X–Ann of being "dope addicts."

Appellant locked the kitchen door and required Francene and X–Ann to sit at the kitchen table for approximately nine hours. Appellant ordered the family Bible brought downstairs and X–Ann put her hand on the Bible and swore that she was not a "dope fiend." When Francene stated she would swear on the Bible, this for some reason caused appellant to start shooting at her. The first shot went through her hand. Three more shots were fired, at least one of which struck her in the head and killed her. Eventually a neighbor summoned police and appellant was arrested.

Appellant was taken to the police station where his *Miranda* rights were read to him and he signed them. He then gave a statement to the police officers in which he freely admitted the killing and gave a detailed description of the events of the evening.

Appellant's sole assignment of error is that the trial court erred in admitting his rights waiver and his confession into evidence. He takes the position that these instruments were not admissible because of his mental condition at the time. When an appellant challenges the voluntariness of his statement, this Court will look to the totality of the circumstances at the time the statement was made in order to determine if the statement were voluntary. *Graves v. State* (1986), Ind., 496 N.E.2d 383. The same is true as to the waiver of *Miranda* rights. *Id.*

Prior to appellant's trial, the court appointed Dr. Berkson and Dr. Rady to examine appellant to determine if he were competent to stand trial. Both doctors determined that he did have sufficient comprehension. Appellant then moved for appointment of a physician to aid him in his defense. The trial court granted this request and appointed Dr. Gutierrez. At tri-

al, all three doctors testified that, in their opinion, appellant was sane at the time the offense was committed.

Dr. Berkson examined appellant's written statement and testified that it coincided with the facts related by appellant during the doctor's examination of him.

Dr. Rady testified that it was possible that appellant did not make the statement knowingly and voluntarily. However, he stated that because his examination was conducted some time after the shooting and after the statement made to the police officers he could not definitely state whether appellant knowingly and intelligently waived his rights.

Dr. Gutierrez testified that although he thought appellant was sane he thought the act of shooting the victim was an uncontrollable impulse triggered by statements made by the victim immediately prior to the shooting. He stated that in his opinion appellant would not have the same reaction to someone who was not close to him.

The police officers who took appellant's statement testified that appellant did not appear to be under the influence of alcohol or drugs at the time he made the statement, that he acted in a very normal fashion, and that he appeared to understand their questions and gave lucid answers. Appellant's account of the happening did not differ materially from the testimony of the children who witnessed the shooting.

The trial court's "ruling will be upheld if sustained by substantial probative evidence." *Graves, supra* at 389. There is ample evidence in this record from which the trial court could determine that at the time appellant signed his *Miranda* rights waiver and gave his written statement to the police officers he was neither under the influence of drugs or alcohol and he had sufficient control of his faculties to knowingly and voluntarily waive his right against self-incrimination.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.